

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable V. A. Collins, President
Board of Regents, State Teachers' Colleges of Texas
Livingston, Texas

Dear Sir:

Opinion No. 0-7489

Re: Authority of President
of Teachers' College to
dismiss employees under
annual contract, and re-
lated questions.

We acknowledge receipt of your opinion request of
recent date, reading as follows:

"Some trouble has arisen at the West Texas
State Teachers College, which has caused Dr. Hill
to have to take action with reference to two em-
ployees on the Athletic staff. He was forced to
dismiss Mr. Baggett and Mr. Van Meter.

"They were both under contract for the current
year ending June 5, 1947. It is my opinion that
they were both clearly insubordinate to Dr. Hill
which required their dismissal. This brings up
certain questions which I think your Department
should rule on.

"1st: Could the President dismiss them for
insubordination at this time while
their contract extended to June 5,
1947?

"2nd: Could they collect their salary for
the current month when they are dis-
missed during the month?

"3rd: In view of their contract which ends
in 1947, would dismissal now avoid
payment of their monthly salaries fol-
lowing dismissal?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable V. A. Collins, page 2

A similar question was answered by our previous opinion No. O-1735, dated 18 December, 1939, addressed to the Honorable James G. Ulmer, at that time President of the Board of Regents of the State Teachers' Colleges of Texas. In such opinion we considered the authority of the said Board of Regents to dismiss a teacher employed by verbal contract by one of the State Teachers' Colleges, the grounds for dismissal being stated as "disloyalty to the administrative head of that institution"; and further considering the liability of the State for the salary of such dismissed teacher for the balance of the year remaining at the time his employment was terminated. A copy of such opinion is attached for your convenience.

Your first question asks whether the President(of the West Texas State Teachers' College) is authorized to dismiss an employee on grounds of insubordination.

A reference to Section 1, Article 2647, V. A. C. S., discloses that the authority for employing and discharging employees of the State Teachers' Colleges is vested in the Board of Regents, rather than the individual Presidents of such institutions, that Section reading as follows:

"1. The Board of Regents of the State Teachers' Colleges is charged with the responsibility of the general control and management of all State Teachers' Colleges for white persons and may erect, equip and repair buildings; purchase libraries, furniture, apparatus, fuel and other necessary supplies; employ and discharge presidents or principals, teachers, treasurers and other employes; and fix the salaries of the persons so employed. The principal of each State Teachers' College shall nominate annually to the board of regents such professors, teachers, officials and assistants as in his opinion will promote the best interests of the institution." (Emphasis supplied)

We have been unable to find any authority in the statutes relating to the State Teachers' Colleges, empowering the Presidents of such institutions to employ or dismiss teachers and other employees of such institutions. As stated in the

Honorable V. A. Collins, page 3

above-quoted Article, the principal (or President) of such institutions is empowered only to "nominate annually to the Board of Regents such professors, teachers, officials or assistants as in his opinion will promote the best interests of the institution."

Your first question must necessarily, therefore, be answered in the negative: viz., that the President of the West Texas State Teachers' College has no authority to dismiss employees of that institution for any reason. However, the Board of Regents of the State Teachers' Colleges, having authority by virtue of Article 2647 (supra) to employ or discharge employees of such institutions, does have the power to discharge such employees, for good cause, under the general rules of law relating to personal service contracts. For further discussion of this question please refer to our previous opinion No. 0-1735, and to the authorities cited therein. As noted in that opinion, the fact as to whether or not the "insubordination" of the said employees legally constitutes "good cause," for which the employees may be dismissed, comes within the jurisdiction of the Board of Regents and presents an issue which we cannot undertake to pass upon.

Your second and third questions may also be answered by reference to our aforementioned opinion No. 0-1735, page 2 thereof. We held in that opinion that as to employees of State Teachers' Colleges dismissed for good cause, the State would be under no liability for their salary for whatever balance remained at the time the employment was terminated. Therefore, you are advised that the State would not be liable, regardless of employment contracts, for the salaries of the employees mentioned in your letter, from the date of the termination of their employment, if such termination was for good cause.

Trusting that we have satisfactorily answered your questions, we remain,

Very truly yours

ATTORNEY GENERAL OF TEXAS

By W. N. Blanton, Jr.
W. N. Blanton, Jr.
Assistant

WNB/JCP
Enclosure--1